**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO RAMIREZ, | No. 07-74605 |
| Petitioner, | Agency No. A070-967-419 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Luis Alberto Ramirez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion for continuance of removal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we dismiss in part and deny in part the petition for review.

The agency did not abuse its discretion in denying the motion for continuance because the record did not show that Alberto Ramirez's counsel took any steps to acquire a second medical opinion regarding the health of Alberto Ramirez's qualifying relative before the merits hearing. *See id.* at 1012-13 (evaluating, among other factors, the reasonableness of the alien's conduct).

Alberto Ramirez's contentions that the agency violated his due process rights by denying the motion for continuance and marking "for identification purposes only" some of his proffered hardship documentation do not amount to colorable constitutional claims. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**